MIDDLETON v. BANKERS' & MERCHANTS' TEL. Co.

(*Circuit Court, E. D. Pennsylvania.*   May 6, 1887.)

1. ATTORNEY AND CLIENT — COMPENSATION OF ATTORNEY — COMPENSATION OF MASTERS AND COUNSEL.
    Counsel are entitled for their services to what those services could have been obtained for under a contract made in advance.
2. EQUITY—COMPENSATION OF MASTER.
    The compensation of masters, whose functions are judicial, may be measured by the standard of judicial salaries.

In Equity.
*Henry Sampson* and *Gummey & Fletcher*, for complainants.
*R. J. Ingersoll* and *J. H. Barnes*, for respondents.

BUTLER, J.   But two exceptions remain; all others have been withdrawn.   These relate to the fees of counsel and compensation of the master.   The court realizes the danger of overestimating the value of such services in cases like this, and feels no hesitation about interfering where the circumstances warrant it.   As respects the fees of counsel, it must be understood that the court has no personal knowledge, either of the extent of services, or their value.   The master reports that the calls upon counsel were very frequent, weekly, and sometimes much oftener, throughout the whole period of their employment, and that the sum allowed (but a small part of the amount claimed) is reasonable and just.   In answer to this I am not referred to anything but the record of the proceedings, which shows, virtually, nothing pertinent to the subject. The services may have been very great without any indication of it appearing there.   No serious questions were discussed before the court. The property and interests involved, however, were very large, and the proceeding was one that required professional knowledge, skill, and care.

If I knew the extent of the services I could not form an estimate of their value, without evidence.   Since I left practice (26 years ago) the rate of compensation has no doubt greatly changed.   The counsel should have just what the services could have been obtained for by contract, in advance, if such a contract were practicable; in other words, should be paid according to the usual rate of compensation for such services.   The counsel themselves testify that they are justly entitled to much more than is allowed; and the master says the sum awarded is just.   Now, what is there in the case to justify the court in deciding that this sum is too much?

As respects the master's compensation, the circumstances are different. He is called to assist the court in discharging its judicial functions, and his compensation may, and should, I think, be measured by the standard of judicial salaries.   The highest salary paid in this court is $6,000, and if the master is compensated as the judge is for the same period and extent of labor, he cannot complain of injustice.   The master has filed a statement of the time occupied; and the report, or rather reports, show that he did a large amount of work.   It would seem from his statement filed this day, at the instance of the court, that he informed the counsel interested, previous to filing his first report, of his intention to charge $1,000, and that they virtually assented to his doing so.   A small additional sum is charged for services subsequent to the first report, which the court feels constrained to strike out.   The master's conduct respecting the exception, and throughout the business submitted to him, is very satisfactory to the court.

The master is allowed the sum of $1,000, and the expenses charged.