## WATSON *v.* COLUMBIA MINING COMPANY.

Where a mining corporation made a contract with an insurance company, where-
by the latter agreed to defend all suits brought against the former for personal
injuries and, up to a certain amount, to pay the judgments therein; and
where after making such contract the mining corporation made a contract
with an attorney at law, whereby it retained him generally and agreed to em-
ploy him in all cases in which it was interested which might "come up," the
attorney having no notice of the contract with the insurance company; and
where a suit for personal injuries was brought against the corporation, and
the attorney offered his services in compliance with his contract, but such
services were refused by the company, *held*: (1) that the mining corporation
·was liable to the attorney for such damages as he sustained by reason of the
breach of the contract; and (2) that it was not necessary for the attorney to
await the conclusion of the case in which he had tendered his services, before
he brought his suit for damages for breach of the contract.

Argued July 16, — Decided August 14, 1903.

Action for breach of contract.    Before Judge Brinson.    Mc-
Duffie superior court.    September term, 1902.

Citations by counsel:    Civil Code, § 4415;  *Ga. Rep.* 45/171;
62/135;  65/719;  75/494 (3); 101/841; 110/382; 79 Cal. 218,
12 Am. St. Rep. 139;  41 Kans. 496, 13 Am. St. Rep. 300;  4
Cyc. 926, 980, 997–8;  *Ga. Rep.* 8/190;  81/429;  81/440;  14
Am. & Eng. Enc. L. (1st ed.) 797;  Civil Code, §§ 3672–3.

*John T. West* and *Samuel H. Sibley*, for plaintiff.

*Slaton & Phillips*, for defendant.

SIMMONS, C. J.    In the year 1901 the Columbia Mining Com-
pany, a corporation doing business in McDuffie county, Georgia,
made a contract with Thomas E. Watson, an attorney at law of
that county, wherein it was agreed that he should counsel and ad-
vise its general manager and represent the corporation in all liti-
gation in which it was interested which should "come up" in that
·county.    In February of that year Wellmaker, one of the em-
ployees of the company, had his arms blown off by dynamite.    He
endeavored to engage the services of Watson as an attorney to
bring suit for him against the company.    Watson declined on the
·ground that he was retained in all cases in the county by the com-
pany.    Other counsel brought the case for Wellmaker, claiming
$10,000 damages; and Watson tendered his services, in compli-
ance with the contract, to defend the case.    His services were de-
clined by the company, on the ground that, prior to making the

contract with him; it had made a contract with an insurance company by which the latter had agreed to defend its cases of this character. Watson brought his action against the mining company for damages for the breach of the contract it had made with him. Except that it did not refer to the contract of the defendant with the insurance company, his petition recited all of the above-stated facts. The defendant demurred to the petition, upon the grounds, that it set forth no cause of action, and that, as it alleged that the Wellmaker case was still pending, it was prematurely brought The demurrers were overruled, and the case proceeded to trial. The allegations of the petition were fully established by competent evidence. The defendant relied upon its contract with the insurance company as a defense, and introduced in evidence the policy of insurance. The court directed a verdict in favor of the defendant, and the plaintiff filed a bill of exceptions complaining of this direction. By cross-bill of exceptions the defendant complained of the overruling of its demurrers.

1.  Contracts between attorney and client stand upon much the same footing, in respect to binding effect, as do other contracts. If the attorney violates a contract with a client and the latter is damaged, such client has the same right to sue the attorney as he would have to sue any other person who had violated a contract made with him. If the client commits a breach of his contract with the attorney, he is liable in an action for damages therefor. The defendant in the present case undoubtedly committed a breach of its contract with its attorney. The evidence shows the contract and the breach. It shows beyond all question that Watson was retained by the defendant as its attorney at law in McDuffie county, and that he and the defendant had entered into a valid agreement under which he was to advise its manager and represent it in all its cases in that county. A suit was brought against it, and Watson tendered his services in compliance with his contract. He was ready, willing, and able to perform his part of the contract. The company declined to allow him to represent it in the case, upon the ground that it had made a contract with an insurance company, under which the latter had agreed to defend this suit. Of this contract or policy of insurance Watson knew nothing, and had no notice until after the Wellmaker case had been brought and his services had been tendered therein. The

policy was introduced in evidence, and showed that under it the insurance company, in a case such as Wellmaker's, insured the mining company against loss up to the amount of $1,500.　It also stipulated that all papers in the case should be sent to the insurance company, that it should settle' or defend the suit in the name of the mining company, and that the mining company should not interfere in the proceeding without the consent of the insurance company but would aid in securing evidence, effecting settlements, and prosecuting appeals.　The plaintiff objected to the introduction in evidence of this policy as irrelevant, but the objection was overruled.　It further appeared from the evidence that Watson had received a small retainer as general counsel, and it was understood between the contracting parties that he was to receive fees in each case in which he represented the defendant.　If not so expressly agreed, it was at least implied from the contract made.

Further than this, both parties had acted upon this construction of the contract and had done so without question.　It seems to us that the contract made with the insurance company amounts to no more, relatively to Watson, than if the mining company had itself employed another attorney and had for that reason declined to employ Watson.　If the defendant had employed other counsel before making its contract with Watson and had given Watson no notice that other counsel was to take charge of special cases, this would afford no reason why it should not be bound by its contract with Watson.　It would be wrong and unjust to an attorney to hold that a small retaining fee would prevent his taking a case against the company and yet the company might in special cases retain another attorney, and refuse his services although it had expressly agreed to employ him in all cases.　The record shows that the plaintiff had several times declined cases against the company because of his retainer by it.　It was on this ground that he refused to represent Wellmaker.　The company committed a breach of its contract when it refused to employ the plaintiff to represent it in the Wellmaker case, a case within the contract and one which was litigated in the name of the defendant.　The company can not justify the breach of the contract by showing a contract with another attorney, or with an insurance company, or with any one else, made without notice to Watson, by which it secured other

means of defending its case. Any such contract was wholly irrelevant, for it neither justified nor excused the breach of the contract with the plaintiff. The plaintiff is entitled to maintain his action, and may recover the damages he has sustained by reason of the breach of the contract on the part of the defendant. The amount of the damages under the evidence will be a question for the jury on the trial of the case. Upon the subject of the liability of a client for violating a contract employing an attorney, and upon the subject of the measure of damages, see Weeks on Attorneys, § 340 ; Blackburn *v.* Webb, 38 Kans. 668; McElhinney *r.* Kline, 6 Mo. App. 94; Kersey *v.* Garton, 77 Mo. 645; Town of Mt. Vernon *v.* Patton, 94 Ill. 65; MacKie *v.* Howland, 3 App. D. C. 461; Bartlett *v.*Odd Fellows, 79 Cal. 218, 12 Am. St. Rep. 139 ; Knight *v.* Russ, 19 Pac. 698; Middleton *v.* Tel. Co., 32 Fed. 524.

2. It was argued that Watson's suit was prematurely brought; that he should have awaited the termination of the Wellmaker case. We think otherwise. When two parties make a contract and one of them violates it, the other may sue immediately for such special damage as he has suffered. Just as the amount of a fee may be fixed upon by contract before the trial of the case in which the services are to be rendered, so a jury may fix the amount of a reasonable fee in a case still pending. The rule in ordinary contracts for services, as to lessening the damages by seeking other work, does not apply to a contract employing an attorney at law. All of his time is not contracted for, nor is he free to take the other side in a case of the client's. In such a case as this, we think the attorney may sue at once for the breach of the contract with him, without awaiting the termination of the case in which he should have been employed by the defendant.

*Judgment on main bill of exceptions reversed ; on cross-bill of exceptions affirmed. By four Justices. Lamar, J., disqualified.*