CASE 91.—ACTION BY ROLLA A. JACKSON AGAINST JESSE
R. JOHNSON FOR SETTLEMENT OF A PARTNER-
SHIP.—December 3.

# Johnson v. Jackson

Appeal from Daviess Circuit Court.

WILFRED CARRICO, Special Judge.

Judgment for plaintiff, defendant appeals—Af-
firmed

1. Partnership—Commencement and Duration—Partnership at
Will.—A contract of partnership to last during the mutual
will of the parties is valid; the mere fact that the period of
its continuance is indefinite not rendering it void.
2. Partnership at Will—Dissolution.—Either partner may at any
time, at his option dissolve a partnership at will, without a
concurring liability for damages to his copartner, however
serious the loss occasioned thereby.
3. Interests in Profits—Evidence—Presumptions.—The presump-
tion is that partnership profits are to be equally divided, not-
withstanding the contributions to the firm capital are not
equal, and whether or not the partners are on a par regarding
skill, connection, or character, or whether or not they have
labored equally for the benefit of the partnership.
4. Capital of Firm—Dissolution.—A partner who furnishes no
capital, but contributes merely his time, skill, and services
to the business, is not entitled on dissolution to any part of
the firm capital, but must look for his compensation to his
share of the profits.
5. Advances to Firm by Partner.—Excess of capital advanced
should be restored from the firm assets to the partner ad-
vancing; unequal contribution being sufficient to contradict
the idea of equal division of the capital.
6. Capital of Firm—Dissolution—Interest in Capital—Sufficiency
of Evidence.—In an action between parties for the settle-

Johnson v. Jackson.

ment of the partnership affairs, defendant held not entitled, under the evidence, to a half interest in the firm capital.

7. Judges—Special Judges—Disqualification to Act—Waiver of Disqualification or Objections.—The objection that special judge selected by the parties failed to take the oath of office was waived, when not raised during the trial.

C. S. WALKER and SWEENEY, ELLIS & SWEENEY for appellant.

W. E. AUD and ELLIOTT B. MASON for appellee.

C. S. WALKER for appellant.

## SYNOPSIS OF PETITION FOR REHEARING.

1. A settlement of a partnership must be according to the terms of the partnership agreement, and the burden to show the terms is upon the one alleging the partnership, and, where the evidence shows only a partnership, the law will presume equality of interests. It is competent for partners "to determine as between themselves the basis upon which profits shall be divided and losses borne without regard to their respective contributions, whether of money, labor, or experience, to the common stock." Undertaking the entire charge and control of the business is alone a sufficient consideration to uphold the partnership. and an interest "in the property, which was to constitute, at the outset, the whole capital of the partnership." (Washingon v. Washington (Tex.) 31 S. W. 88, 89; Duden v. Maloy, 63 Fed. Rep. 183, 187; Paul v. Cullum, 132 U. S. 549, 550; Johnston v. Ballard, 83 Tex. 486, 18 S. W. 686, 687.) The decision in Chamberlain v. Sawyers, 17 Ky. Law Rep. 716, has no application in the present case, where advances are not involved, but only the terms of the partnership agreement.

2. The two actions, one at law and the other in equity, were not necessary, the first being useless and not maintainable, and the court erred (1) in rendering judgment for costs in the first action against appellant, (5 Enc. Pl. & Pr. 139, 140, 141), and (2) in not dividing the costs in the second action, which was for a settlement of the partnership, particularly as each partner was about equally successful. (5 Enc. Pl. & Pr. 188; Emerson v. Wood, 7 Ky. Law Rep. 364; Jones v. Morehead, &c., 3 B. Mon. 385.) The provision in the Kentucky Statutes, section 889, that "in actions * * * to settle partnerships * * * courts shall

have judicial discretion in regard to costs," means a sound and not an illusive or frivolous discretion.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Plaintiff, Rolla A. Jackson, and defendant, Jesse R. Johnson, entered into a partnership in the saloon business on March 25, 1903, and continued the business until June 24th of that year, when they sold the business to one A. W. Jarboe. · No time was fixed for the duration of the partnership. Plaintiff furnished the whole of the capital, amounting to $3,250, for the purchase of the saloon business. Defendant furnished 25 barrels of whisky worth $25 per barrel. When the partnership business was sold out, the purchaser made a check for $1,500 to defendant, and also to plaintiff a check for $1,500, less the amount which the plaintiff owed him at the time. Five barrels of the whisky furnished by defendant were used in the business, and when the business was sold, the proceeds of the remaining 20 barrels were divided between plaintiff and defendant. After the dissolution of the partnership, defendant was frequently on plaintiff's notes in the bank, and plaintiff borrowed from defendant the sum of $2,000, secured by a lien on a tract of land which the plaintiff then owned. About four years after the business was sold, the plaintiff instituted this action to recover of the defendant $1,500 paid to him by the purchaser of the business, and for a settlement of the partnership affairs. The lower court required the plaintiff to elect whether he would proceed for the $1,500 or for a settlement of the partnership. Plaintiff elected to proceed for the $1,500. Thereafter he instituted a separate action for the settlement of the partner-

ship. These two actions were subsequently consolidated. The defendant defended on the ground that the contract of partnership provided that he was to have an equal share, not only in the profits of the business, but in the capital invested, and that upon a sale of the partnership business the capital was divided according to the contract, and the partnership affairs then and there settled. Plaintiff replied, denying that there had been a settlement of the partnership, and charging that the payment of the $1,500 to the defendant was procured by fraud, or made as the result of mistake. The trial court held, as a matter of fact, that the contract of partnership provided that the plaintiff and defendant should be equal partners, not only in the profits, but in the capital invested in the business. He further held that the contract of partnership was void for uncertainty, and such as a court of equity could not tolerate. After finding that the amount of profits had been about equally divided between plaintiff and defendant, the court held that the $300 paid by defendant to plaintiff for the latter's half of the 20 barrels of whisky not used should be credited to the defendant; that the 5 barrels of whisky used in the business, to the value of $125, should likewise be credited; also that plaintiff should be charged one-half of the salary of the assistant barkeeper employed to help the defendant. The latter sum amounted to $72. The court then gave judgment in favor of the plaintiff for $1,003, with interest from the day suit was brought, and for his costs. From this judgment the defendant appeals.

It is earnestly contended by counsel for appellant that the court erred in holding the contract of partnership void. In this contention we agree. The

mere fact that no time is provided for the duration of the partnership does not render the contract of partnership void. It is simply at will, which either partner may dissolve at any time, at his option, without a concurring liability for damages to his copartner, however serious the loss occasioned thereby. According to some authorities, a partnership at will may be dissolved by any partner at any time, sua sponte, and his motive cannot be investigated. According to others, dissolution must be made in good faith, and not at an unreasonable time. Thus reunciation is held not to be made bona fide, where one partner renounces in order to appropriate to himself the profits which his partner is entitled to receive. 22 Am. & Eng. Ency. of Law (2d Ed.) 204, 205; Rice v. Angell, 73 Tex. 350, 11 S. W. 338, 3 L. R. A. 769; Howell v. Harvey, 5 Ark. 270, 39 Am. Dec. 376; Karrick v. Hannaman, 168 U. S. 328, 18 Sup. Ct. 135, 42 L. Ed. 484. By the decided weight of authority, a contract of partnership to last during the mutual will of the parties is valid. The mere fact that the period of its continuance is indefinite does not render it void.

Though not agreeing with the trial court that the contract of partnership was void for uncertainty, we are of the opinion that the judgment entered below may be sustained upon other grounds. The law of partnership is well settled that, where the question is one of the division of profits, the presumption is that the profits are to be divided equally 22 Am. & Eng. Ency. of Law (2d Ed.) 101; Lee v. Lashbrooke, 8 Dana, 214; Honore v. Colmesnil, 1 J. J. Marsh. 506. Furthermore, such equality will be presumed, notwithstanding the fact that the contributors to the firm capital are not equal, and whether the

partners are or are not on a par in regard to skill, connection, or character, or whether they have or have not labored equally for the benefit of the partnership. Taylor v. Coffing, 18 Ill. 422. However, when the question is one of the division of the partnership capital, the same presumption does not arise. In the American and English Encyclopedia of Law (volume 22, p. 86) the rule is thus announced: ''With regard to the view sometimes stated that time, labor, and skill expended by a partner in the partnership business constitute his capital, it would seem that, while these may form a consideration for the partnership contract, they should not properly be called capital, as they give to such partner no rights in the final distribution of the firm capital.'' In accordance with this rule a partner who furnishes no capital, but contributes merely his time, skill, and services to the partnership business, is not entitled, on dissolution, to any part of the firm capital, but must look for his compensation for such time and services to his share of the profits of the firm business. Duden v. Maloy, 63 Fed. 183, 11 C. C. A. 119; Washington v. Washington (Tex. Civ. App.) 31 S. W. 88. It is also the established rule that excess of capital advanced should be restored from the firm assets to the partner advancing (Chamberlain v. Sawyers, 32 S. W. 475, 17 Ky. Law Rep. 716), and that unequal contribution is sufficient to contradict the idea of equal division of the capital. Johnson v. Ballard, 83 Tex. 486, 18 S. W. 686.

With these principles in view, let us consider the evidence in this case. The plaintiff testified that the agreement was that he should furnish the capital, and the defendant should manage and control the business for one-half the profits. The defendant

testified that he was to manage and conduct the business, and was to have a half interest, not only in the profits, but in the partnership capital. The trial court held that he could not determine the con- tract so much from the statements of the two part- ners as to what it was as from their subsequent con- duct, evidently taking the view that plaintiff's con, duct, in permitting the purchaser of the saloon business to pay one-half of the purchase price to the defendant, tended to support the defendant's conten- tion that he was to have a half interest in the part- nership capital The witness Jarboe also testified that the plaintiff said defendant had a half interest in the business. We are of the opinion, however, that plaintiff's conduct at the time of the alleged settle- ment does not tend to support defendant's view of the contract of partnership, but was because he was either misled by the defendant as to his rights or was himself mistaken as to what his rights were. A care- ful reading of the record discloses the fact that plaintiff inherited about $15,000 in land and govern- ment bonds. At the expiration of about four years his entire estate was gone. At the time the contract of partnership was entered into, he was only 21 years of age, and had no business experience to amount to anything. He was improvident and dissipated. He was always anxious to secure money, and for that purpose would make needless sacrifices of his estate at any time. He was constantly pawning various articles, and making sales of his property at less than it was worth, when, if he had had any idea of bus iness, he could have sold it for all that it was worth. Taking into consideration, then, his lack of business experience, his well-known habits of life, his anxiety to sacrifice his estate for the purpose of getting

cash, we are of the opinion that he consented to the payment to the defendant of the $1,500, not because he believed the contract so provided, but because he was woefully ignorant of his rights in the matter. Taking this view of the case, his conduct cannot be considered as sustaining the defendant's contention that the contract of partnership provided that the defendant should have a half interest in the partnership capital. Leaving out plaintiff's subsequent conduct, we have, upon one side, the statement of plaintiff that the partnership contract simply provided that the defendant was to manage the business and have one-half of the profits, while upon the other is the statement of the defendant that he was to have, not only one-half of the profits, but one-half of the partnership capital. Thus the testimony on each side is equal, with the presumption entirely in favor of the plaintiff, because of the unequal contributions made by the parties to the partnership capital. Under these circumstances we think the trial court. should have found, as a matter of fact, that the contract was as claimed by plaintiff.

We do not think there is anything in appellant's contention that the special judge failed to take the oath of office. He was selected by the parties, no objection was raised during the trial, and the right to do so now has been waived. Salter v. Salter's Creditors, 6 Bush, 624; Vandever et al. v. Vandever et al., 3 Metc. 137.

Upon the whole case, we think the judgment of the trial court, although based upon an erroneous reason, was proper, and it is therefore affirmed.

Petition for rehearing by appellant overruled.