# WM. WATERALL & COMPANY.

*v.*

# M. G. STRAYER.

San Juan, Equity, No. 988.

SPECIAL MASTER'S COMPENSATION.

Master in Chancery—Compensation.
    1. Master in chancery is a judicial officer, and his compensation
    should in general be measured by the standard of judicial salaries.

Same—Hearings.
    2. The master's compensation may be gauged by the number as
    well as the nature of the hearings had.

Same—No Exception.
    3. Although no exception is filed to a report as to master's com-
    pensation, the court may revise the matter ex mero motu, so as
    to take into account all allowances to be made to officers in the
    matter. In order to effect its objects, expenses of receivership must
    be reasonable.

Opinion filed May 28, 1918.

HAMILTON, Judge, delivered the following opinion:

Special Master Savage was appointed January 22, 1917,
and the first claim apparently referred to him was in the suc-
ceeding March. The assets handled by the receiver amount
to about $70,000, which, after deducting expenses and pre-
ferred claims, will net to common creditors probably not over

30 per cent. The defendant, Strayer, left Porto Rico, and the receiver and master have had to find out facts and pass upon matters without the assistance usually rendered by the insolvent defendant in receivership cases. Several claims have been very complicated, and the master has throughout been very efficient in the discharge of his duties.

The matter of compensation was referred to Special Master Brown, and he reported an allowance of $3,400 as a reasonable fee in the premises, to include all future work, of which, however, little remains to be done. In recommending this compensation, Master Brown reports that he has taken into consideration the amount of the fund realized by the receiver and the amounts and nature of the claims examined by the special master. While this report does not come before the court as agreed to, no exceptions are filed to it.

1. The principle upon which compensation of masters is fixed is the analogy of judicial salaries. "He is called to assist the court in discharging its judicial functions, and his compensation may and should, I think, be measured by the standard of judicial salaries." Middleton v. Banker's & M. Teleg. Co. 32 Fed. 524; (C. C.); Foster, Fed. Pr. § 395. Special conditions may call for variation of this rule, but it would seem to express the correct principle. The judge is supposed to pass upon judicial matters; and if, from press of business or otherwise, it is necessary to refer the matter to someone to act pro hac vice, it would be anomalous to have the compensation of the appointee fixed at a materially higher rate than that of the judge. This cannot be an inflexible rule, however, because the judge receives a stated salary, while the lawyer who is called upon to act as master has to take time from other business

in order to act as assistant to the judge. A somewhat higher scale might be used for such short-time service.

2. The appointment of the master in this case was over a year ago, and before all work is finished he will probably have served about eighteen months. He, of course, cannot be paid for the time on the basis of the annual salary of the judge, because a special master acts only for a short time and can fix hearings and divide up his work to suit his other occupations. The time actually consumed in hearings, therefore, is the basis upon which the allowance should be made. The court is not furnished with data in this regard, but from examination of the work would come to the conclusion that here were between fifty and eighty actual hearings, and that the time consumed would amount to about three months. A conclusion can be reached even apart from the basis of judicial salary. Taking the basis of hearings, there would be no difficulty getting most members of this bar to serve at the rate of $25 a day. This is almost twice the daily compensation of the judge of this court. Taking the outside number of hearings, therefore, the compensation could not exceed $2,000.

Taking into account the special difficulties due to the absence of the defendant, the court is willing to increase the amount somewhat and allow a compensation of $2,500 in all.

3. There has been no exception in this case, and it might be said that the court judicially knows there is a reluctance on the part of members of the bar to oppose claims of other members, but this does not change the duty of the court. This is but the first of several allowances which must be made in this case. There is yet to be allowed compensation to the receiver and compensation to the receiver's attorney, and pos-

sibly other matters will need special attention. The fees of court are fixed by law and cannot well be varied. The object of a receivership is to administer assets economically, and then when this is accomplished to turn the property over to whom it may belong. In the case at bar there will be nothing to turn over, and the actual result will be the winding up of the business, and practically the creditors will receive nothing more than what comes to them in this proceeding. This, therefore, differs somewhat from former receiverships. In the Borinquen, San Cristobal, and Carmen receiverships, there was either reorganization or a sale connected with a reorganization, and expenses were agreed upon by the purchasers, who took them into account in readjustments. Here there will be no readjustment. Moreover in those cases the master's compensations, while larger than in the case at bar, were based upon hundreds of thousands of dollars of assets, and the cases, therefore, are not at all analogous.

In order to effect its objects the expenses of a receivership must be reasonable. This will apply to the compensation of attorneys and receivers also, although perhaps not to be figured on so close a basis as in bankruptcy. Re Pico, 7 Porto Rico Fed. Rep. 423. Certainly the expense of the master, however, should be kept within close limits, because the law has seen fit to fix a small compensation for judicial officers, and the master is merely acting as the assistant to the judge in such cases as the one at bar.

Upon the whole, therefore, it seems that a compensation of $2,500 would be adequate, and the report of Master Brown is modified to that extent, and as so amended is confirmed.

It is so ordered.