### 19180. ROBINSON *v.* GUERRY.

BELL, J. 1. Where two attorneys were employed by a trustee in bankruptcy, with the consent and approval of the referee, to advise and represent the trustee generally as in all matters in which the services of an attorney might thereafter be required, and the attorneys, in accepting such employment, agreed between themselves that they would divide equally such fees as should be earned in the prosecution of such employment, such agreement between the attorneys would include fees earned in subsequent litigation, although the particular facts giving rise to such litigation might not have been in existence at the time of such employment and the making of such agreement, nor then within the actual contemplation of any of the parties, and although such subsequent litigation was a suit brought by the trustee for the use and benefit of a third person, provided the attorneys appeared and earned fees therein as a result of and in accordance with their original employment by the trustee.

2. In an action by one of such attorneys to recover a portion of a fee collected by the other as for services rendered in such suit of the trustee, if, as claimed and testified by the plaintiff, he and the defendant in their capacity as attorneys collaborated in preparing and filing such suit, and jointly prosecuted the same to a certain stage, after which the plaintiff removed to another State, but, according to his own testimony, made known to the defendant that he desired to continue as counsel in such case and would return and assist in the further proceedings therein, and if, as also contended by the plaintiff, he requested the defendant to notify him of the assignment of the case for trial, and the defendant agreed to do so, the plaintiff's right to a portion of the fee would not be affected by the fact that he did not again appear or render further service in the case, provided his failure to do so was attributable not to any fault on his part, but to the failure of the defendant attorney to advise him of the progress of the case and of the time of the trial, according to agreement.

3. It appearing that the present defendant, on the final and successful termination of the trustee's case, received the fee out of the recovery, the fact that under the terms of the order of the referee in bankruptcy and of the agreement of the usee fixing such fee, it was allowed as for services rendered solely by the defendant, would not alone exclude the right to the plaintiff as attorney to participate therein, where he was not advised of the terms of the referee's order, nor of the agreement of the usee, and was in no wise a party to the arrangement under which the fee was allowed or collected.

4. Under the testimony of the plaintiff, a finding in his favor would have been authorized, and it was therefore error to direct a verdict in favor of the defendant.

5. The court erred also in excluding the evidence set out in special ground 3 of the motion for a new trial.

6. See, in this connection, Civil Code (1910), §§ 4266, 4267, 4321, 4951; *Cothran* v. *Brower*, 75 *Ga.* 494; *Jenkins* v. *Stephens*, 60 *Ga.* 216; *Watson* v. *Columbia Mining Co.*, 118 *Ga.* 603 (45 S. E. 460); *Bennett* v.

*Burkhalter,* 128 *Ga.* 154 (2) (57 S. E. 231); *Allen* v. *Brooke,* 25 *Ga. App.* 122 (102 S. E. 832); 6 C. J. 754, § 334; Consaul *v.* Cummings, 222 U. S. 262 (32 Sup. Ct. 83, 56 L. ed. 192); Underwood *v.* Overstreet, 188 Ky. 562 (223 S. W. 152, 10 A. L. R. 1352); Powers *v.* Manning, 154 Mass. 370 (28 N. E. 290, 13 L. R. A. 258); Gehrow *v.* Flynn, 166 Mich. 564 (131 N. W. 1115, 35 L. R. A. (N. S.) 960); Davenport *v.* Waggoner, 49 S. D. 592 (207 N. W. 972, 45 A. L. R. 1126).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 17, 1929.

*Gilbert C. Robinson, J. J. Bull,* for plaintiff.
*B. F. Neal, John M. Greer,* for defendant.