## 20686. ROBINSON v. GUERRY.

DECIDED OCTOBER 7, 1930.

*Robinson & Flynt, J. J. Bull & Son,* for plaintiff.
*B. F. Neal, John M. Greer,* for defendant.

LUKE, J. Gilbert C. Robinson brought an action to recover $500 alleged to be due him as one half of a $1,000 fee collected by the defendant, John B. Guerry, for services rendered by them in successfully prosecuting a damage suit for a trustee in bankruptcy. The case has previously been before this court. See 40 *Ga. App.* 26. On the trial now under review the jury found for the defendant, and the exception here is to the judgment overruling the plaintiff's motion for a new trial.

Since the petition is long and there is no demurrer, we shall briefly and somewhat informally set out the principal facts pleaded. The petition makes substantially the following case : Plaintiff and defendant were attorneys at law practicing in Macon County, Ga. In 1921 Bertha Lewis Corporation was adjudged bankrupt, and Oscar McKenzie, trustee for the corporation, appointed plaintiff as his attorney at law. Shortly thereafter the Montezuma Manufacturing Company and the Montezuma Realty Company were declared bankrupt. The said Guerry approached plaintiff and told him that he would be one of the trustees for said two bankrupts, and would have plaintiff appointed attorney for them, if plaintiff would divide equally with defendant all fees received by him in representing the three bankrupts. Plaintiff agreed to said proposition. Defendant was unable to procure plaintiff's appointment as attorney for said two bankrupts, but plaintiff did divide equally with defendant $1,000 paid him for representing said trustee of the Bertha Lewis Corporation. Said trustee continued to operate

the stock-farm and dairy of said Bertha Lewis Corporation, and in so doing used a kerosene engine. In or about August, 1921, said trustee bought from the Standard Oil Company forty gallons of kerosene to be used in said engine. Said company delivered said trustee some highly explosive fluid, which exploded and caused a fire which greatly damaged certain property of said Bertha Lewis Corporation. The referee instructed said trustee to bring an action for damages against said Standard Oil Company, and the trustee instructed plaintiff to bring said action. Plaintiff, in connection with John B. Guerry, filed suit in said matter to the September term, 1922, of the city court of Oglethorpe. The trial judge ordered that the case be transferred to the Federal court, and plaintiff and said Guerry carried the case to the Court of Appeals, which affirmed the judgment of the trial court. On May 7, 1925, the case was tried in the Federal court, and the jury awarded the plaintiff a verdict for $3,657. Said verdict was paid in full on June 3, 1925. "Said John B. Guerry received a fee of $1,000 for the services of attorneys for plaintiff, . . said attorneys being John B. Guerry and Gilbert C. Robinson, which money the said John B. Guerry received from the insurance which insured the Bertha Lewis Corporation, and which money paid for attorneys' fees has not been divided with . . petitioner, and . . petitioner is legally entitled to one half of said fee, with interest from date." The answer is long, and for the purposes of this decision we deem it unnecessary to set it out. The material part of it is that plaintiff moved to Florida and entirely abandoned said damage suit.

The agreed statement of facts is: that plaintiff and defendant were employed to represent said trustee in bankruptcy in March, 1921; that they were to share equally all fees earned in such representation; that said damage suit was brought jointly by plaintiff and defendant; that plaintiff and defendant acted jointly in carrying said case to the Court of Appeals; that both plaintiff and defendant appeared at the May, 1924, term of the Federal court in Macon, Ga., but that the case was passed for the determination of certain demurrers; and that plaintiff did not appear at the trial or at any subsequent hearing of said matter in the Federal court. G. C. Robinson testified: that he and defendant were attorneys for said trustee in bankruptcy; that when the case was tried in the Federal court in May, 1925, witness was in the State of Florida;

that he had never severed his connection with the case, and was not present at the trial because defendant had promised to notify him of the date of the trial and did not do so; that he received no notice from the clerk of court that the case would be tried; that plaintiff and defendant had already gone over the matter with the witnesses and worked up the case, and it was ready for trial; that defendant collected the entire $1,000 fee and refused to pay half of it to plaintiff; that witness was in Montezuma in April before the case was tried in May, and saw defendant several times, but defendant never intimated that the case would be tried; that plaintiff had been in Macon county several times each year since he moved to Florida in May, 1924; that plaintiff never asked defendant when the case would be tried, and never made any inquiry of the clerk of court, because defendant had promised to notify him and it was not necessary; that a year before plaintiff demanded his part of the fee from defendant he understood from rumor that the case had been tried; that plaintiff was in defendant's office in the latter part of July or the first of August, 1924; and that plaintiff was attorney for said trustee and associated defendant with him.

John B. Guerry testified: that both he and plaintiff were employed to represent said trustee in March, 1921, and continued to represent him from then on; that witness prepared the suit against the Standard Oil Company and plaintiff was present; that plaintiff never did tell witness that he expected him to notify him when the case would be tried, and witness never did make any promise so to do; that witness had seen plaintiff several times, and they both appeared in the Federal court to try the case and it was continued; that plaintiff had been appearing in the city court of Oglethorpe and in the superior court of Taylor county, and knew when the Federal court in Macon convened, and witness supposed he would be at the trial; that when the case was tried and won, witness filed with the referee a petition setting up that plaintiff had not appeared in the case for a year; that the Home Insurance Company, which carried insurance on the property of the bankrupt and had a "subrogated agreement" that it would be paid $3,750, objected to the allowance of a fee, and the referee refused to pass upon the question, because there was not enough money on hand to pay the insurance company; that witness and said insurance company agreed upon a fee of $1,000 "and an order was taken to that effect;" that said

fee was paid witness in June, 1925, and kept by him; and that witness had no recollection whatever of plaintiff's being in witness's office shortly before he left for Florida and arranging with witness that he, plaintiff, should be notified of the time of the trial of the case.

From the decision in this case in 40 *Ga. App.* 26 (148 S. E. 745), it appears that if Mr. Guerry failed to notify Mr. Robinson of the time when the case was to be tried, the latter's right "to a portion of the fee would not be affected by the fact that he did not again appear or render further service in the case, provided his failure to do so was attributable not to any fault on his part, but to the failure of the defendant attorney to advise him of the progress of the case and of the time of the trial, according to agreement." It appears also from that decision that the referee's order and the agreement between Guerry and the insurance company about the fee "would not alone exclude the right to the plaintiff as attorney to participate therein, where he was not advised of the terms of the referee's order, nor of the agreement of the usee, and was in no wise a party to the arrangement under which the fee was allowed or collected."

The evidence was in sharp conflict as to the material issues in the case, the verdict has the approval of the trial judge, and this court can not say that it was error to overrule the general grounds of the motion for a new trial.

In the light of the agreed statement of facts and the brief of evidence, no reversible error appears in any of the special grounds complaining of the court's rulings upon the evidence. The remaining special grounds relate either to instructions given by the court or to the refusal to give requested instructions. A careful reading of these grounds, in the light of the court's full and fair charge upon the issues of the case and the law pertaining thereto, satisfies us that none of them discloses reversible error.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*