# Harris v. Flournoy & Flournoy.
## Waller v. Same.
(Decided February 20, 1931.)

NUNN & WALLER for appellant W. T. Harris.

W. T. HARRIS for appellant T. S. Waller, Jr.

FLOURNOY & FLOURNOY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming.

These two appeals will be disposed of by this opinion. Flournoy & Flournoy is a partnership engaged in the practice of law at Morganfield, Ky. They had represented M. F. Mart, who died early in 1928, and thereafter they represented his widow as executrix of his estate. A will contest was threatened. Mr. Mauzy, a brother of Mrs. Mart, without any authority from Mrs. Mart or any one else, suggested to Flournoy & Flournoy that they employ attorneys to assist them in the event of a contest over the will. Flournoy & Flournoy employed W. T. Harris, practicing law in his own name and without partners, and T. S. Waller, Jr., practicing law in his own name and without partners, to assist in the litigation. There is no dispute about the facts. Flournoy & Flournoy, attorneys for the executrix, employed the two attorneys mentioned to assist them in the will contest. When the litigation was ended the court allowed a fee of $6,000 for the services of the attorneys in connection with the will contest. Flournoy & Flournoy received the

money, and they paid Harris $1,500, less $100 which had been advanced as a retainer, and they paid to Waller a like sum. They divided the fee on the idea that each of the four attorneys should share equally in the fee.

Waller and Harris were of the opinion that the fee should be split three ways, while Flournoy & Flournoy were of the opinion that their firm should receive one-half of the fee and the other one-half should be divided equally between the other two attorneys.

Waller instituted suit seeking to recover $500 that would bring his part of the fee up to one-third, and Harris instituted a suit for the same purpose. The court below decided the cases in favor of Flournoy & Flournoy, and Harris and Waller have appealed, insisting that the law governing such matters decrees that they are each entitled to $500 additional.

The appellants complain because the court would not allow them to prove the custom of the bar of the city of Morganfield in such matters. They undertook to plead the custom, but, on motion, the plea was stricken out. The plea which was stricken was to the effect that it was understood by the members of the Union County Bar that, where there was no special agreement about the division of a fee between attorneys interested, it was to be divided equally between, or among, firms. We do not think the plea was good, as there was only one firm involved in this arrangement. W. T. Harris was an individual practicing alone, and so was T. S. Waller, Jr.

Counsel for appellants cite and rely on the case of MacPherson v. Bacon's Executor, 180 Ky. 773, 203 S. W. 744, as sustaining their position that they are each entitled to one-third of the fee. In that case the fiscal court of Green county employed the firm of Bacon & MacPherson and also employed John W. Lewis, an individual attorney, and D. T. Towles, an individual attorney, to represent the county in certain litigation. The compensation to be paid to these attorneys was fixed by the order. The partnership of Bacon & MacPherson was dissolved before the litigation was concluded. The court held that the dissolution of the partnership did not relieve either party of the obligation of the contract with Green county. Bacon thereafter died before the termination of the litigation, and the court held that, upon his death, the contract with the county was not terminated by reason of his death, but it was the duty of the surviv-

ing partner to carry out the contract. After the death of Bacon the court held that the county could have terminated the contract, but it did not do so, and for that reason it could not be heard to complain about the compensation which it had to pay to the partnership. The opinion in that case was a determination of litigation between the estate of Bacon on one side and MacPherson on the other. But in reaching a conclusion it was necessary for this court to determine what part of the fee under the contract went to the firm of Bacon & MacPherson, and it was held that that firm was entitled to one-third. The facts were not the same as in the case before us. There the fiscal court employed one firm and two individuals. It was not a case where attorneys representing a party employed other attorneys to assist them in the litigation. There was no argument to support the conclusions reached by the court and no authority cited. Therefore, we are without guidance as to the reasoning which led the court to the conclusion that the firm of MacPherson & Bacon was entitled to only one-third of the fee.

The case of Underwood v. Overstreet, 188 Ky. 562, 223 S. W. 152, 10 A. L. R. 1352, was another case where the employing client by contract employed both of the attorneys, and there was no agreement as to the division of the fee. The court held, in the absence of an agreement as to the division of the fee, it must be divided equally between the two attorneys. There are statements in the opinion in Underwood v. Overstreet indicating that in such cases this court treats the attorneys who are parties to such agreements as constituting a special partnership. It is true, as was said in the case of Johnson v. Jackson, 130 Ky. 751, 114 S. W. 260, 17 Ann. Cas. 699, that it is well settled under the law governing partnerships that, when the question is one of the division of profits, the presumption is that the profits are to be divided equally.

The case of Meador v. Hughes, 14 Bush (77 Ky.) 652, is relied on by appellants. We find nothing helpful in that opinion other than the statement of the law that an agreement to participate in the profits and losses of a single adventure constitutes the parties to the agreement partners in such adventure.

It is unfortunate that there should be a disagreement between good attorneys over the division of fees.

332

It would be a safer and more businesslike method to have an agreement in advance where an attorney, or firm, employs other firms, or attorneys, to assist in legal matters. It is a sound rule that, where an attorney, or firm, employs other attorneys, or firms, in the absence of an agreement, the employed attorneys should receive only reasonable compensation from the attorneys employing them. But in this case the firm employing Harris and Waller treated their firm as having opened for the admission into it of Harris and Waller for the conduct and trial of the particular case, and the fee was divided among the special partners equally. Under the facts and circumstances, all admitted by the reputable attorneys connected with this litigation, we are impelled to hold that the two individual attorneys were entitled to one-fourth each, which was reasonable compensation.

The judgment is affirmed.