### GOLDEN v. KIRTLEY et al.

Court of Appeals of Kentucky.

May 28, 1954.

Rodes K. Myers, Leland H. Logan, Bowling Green, for appellant.

Bell, Stagner & Orr, Bowling Green, for appellees.

WADDILL, Commissioner.

R. C. Golden brought this suit against appellees to recover sums of money claimed to be due him under an alleged partnership agreement under which Golden and the appellees operated a furniture store in Bowling Green. Golden appeals from a judgment dismissing his petition.

In August, 1946, appellant, R. C. Golden and the appellees, Sam Kirtley and Katherine Kirtley, entered into a written contract which recited that the parties had formed a partnership for the operation of a retail and wholesale furniture store. This agreement provided that the Kirtleys were to furnish and own the assets of the business, but were not to be required to devote any time or personal attention to its management, while Golden was required to devote his entire time, skill, and experience to the operation of the business. The contract further provided that Golden was to receive $250 per month as salary and in addition, one-third of the net profits, which were to be periodically divided by agreement of the parties. No mention was made in the contract with reference to possible losses from business operations. This contract was for an indefinite duration.

The parties began doing business under the agreement in October, 1946. In November of that year, Golden quit working in the store without notice to the Kirtleys, and entered a sanitarium in a distant state, where he remained in seclusion for about 10 months, under medical care. During this time the Kirtleys were not permitted to communicate with appellant. The Kirtleys treated the contract as terminated as of the date of Golden's departure from his duties, and tendered to Golden's father a check made payable to Golden and his father, jointly, for $794.69. This check was cashed and the proceeds were used to help pay Golden's hospital bill. Golden claims he knew nothing of this settlement until later. However, it appears that when he did learn of it he made no objection.

Golden returned to Bowling Green in the fall of 1947, nearly a year after his sudden departure. In the ten months of his absence, he rendered no services under the contract, although by its terms he was required to devote his entire time and skill to the business. He nevertheless claims he is entitled to monthly wages and a division of the profits of the business under the contract, for the entire period of his absence, even though the contract provided that the Kirtleys were not to be required to devote any of their time to the business.

After Golden's return to Bowling Green in the autumn of 1947, he resumed working for the Kirtleys on a trial basis for $200

per month. He continued to work on this basis until February, 1948, when the parties entered into a second written contract.

In the 1948 contract, which concerns the same subject matter as the first one, the parties are the Kirtley Furniture Company, a Kentucky Corporation, and R. C. Golden. Under the terms of this contract, Golden was employed by the corporation as a salesman, his compensation to be one-third of the net profits of the company's State Street store, with the proviso, however, that in the event that Golden's sales fell below one-third of the store's total sales, his share of the profits was to be reduced in the same ratio that his share of the sales lacked in making up one-third of the total sales. Golden worked under this agreement until July, 1948, when he was discharged by the Kirtleys.

The appellant, Golden, urges a reversal upon the theory that the contract of 1946 created a partnership and that the partnership was not dissolved at the time he disappeared, so that, he argues, it follows that he is entitled to his share of the net profits of the partnership all during the period of his absence. He further claims that the second contract did not dissolve the partnership because it was fraudulently procured. The original contract provided that the relationship could be terminated at any time by mutual agreement of the parties.

The learned trial judge, in his written opinion, found it unnecessary to decide whether or not the 1946 contract had created a partnership between Golden and the Kirtleys, since he found that if there had been a partnership it was dissolved and terminated as of November 30, 1946, which dissolution was approved by both parties as evidenced by their subsequent actions. These actions on Golden's part were: (1) Accepting the benefit of the $794.69 paid as the amount due him up to the day he quit work the first time; (2) Returning to work for Kirtley at a different salary and on a part-time basis; (3) Signing a paper in settlement for amounts due him for all services rendered prior to December 31, 1947; (4) Entering into a new contract with the Kirtley Furniture Company as a salesman.

■ Appellant's contention that the new contract was fraudulently procured is not substantiated by the evidence.

■ Appellant also claims he has not been fully paid for his services from the time he entered into the second contract down to July 31, 1948, when he was finally discharged by Kirtley. The court found that during this time Golden drew his monthly compensation, and, in addition withdrew from the store articles of merchandise approximating $1,100 in value. There was ample evidence to support the court's finding that Golden had been fully and fairly compensated for all his services rendered in connection with the operation of the furniture store.

■ There is another sufficient reason why the appellant cannot recover. Where an agreement by which a partnership is created does not fix a definite duration of the partnership, it is an agreement for a partnership at will and any partner may withdraw and dissolve the partnership, provided the withdrawing partner acts in good faith and at a reasonable time. Gordon v. Gordon, 291 Ky. 244, 163 S.W.2d 454; Johnson v. Jackson, 130 Ky. 751, 114 S.W. 260, 17 Ann.Cas. 699.

■ There could hardly have been a more reasonable time for the Kirtleys to withdraw from the partnership than when their partner had abandoned his duties under their business agreement. It appears that Golden was notified of the dissolution as soon as he could be reached and that he made no objection at that time, or indeed, not until over a year later.

As no error appears in the record, the judgment is affirmed.