JENKINS, for use, etc., *vs.* STEPHENS, administratrix, *et al.*

[Jackson, Judge, did not preside in this case on account of providential cause.]

1. An attorney's lien is not divested by the fact that the judgment obtained by him became dormant, and was afterwards revived by other attorneys.
2. The failure of an attorney to collect a claim sued by him to judgment, is no bar to a recovery for services. If such failure was the result of negligence, and any injury resulted therefrom, the evidence should show it.

Attorney and client. Lien. Before Judge POTTLE. Hancock Superior Court. October Adjourned Term, 1877.

Reported in the decision.

J. T. JORDAN, for plaintiff in error.

C. W. DuBOSE, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff for money collected on a *fi. fa.* placed in his hands by the plaintiff therein. The sheriff answered that he had the money in hand, but had been served with a notice by Mary W. Stephens, administratrix of Linton Stephens, deceased, to hold said money, as her intestate had a lien upon it as an attorney at law, until the money could be disposed of by the order of the court. The plaintiff in *fi. fa.* traversed the sheriff's return, and alleged that Mrs. Stephen's intestate had no lien upon the money in the sheriff's hands for services rendered by him as an attorney at law. Upon the trial of the issue thus formed, the jury, under the charge of the court, found a verdict in favor of the administratrix for the sum of $125.00. A motion was made for a new trial on the grounds therein stated, which was overruled, and the plaintiff excepted.

1. It appears from the evidence in the record, that Judge Stephens, as the attorney of plaintiff's intestate, obtained a

judgment in the superior court in her favor against Whitten, the defendant therein; that the case was carried up to the supreme court, the judgment affirmed, and that judgment was made the judgment of the superior court in 1866. This judgment, for some reason not explained, was allowed to become dormant, the defendant therein being entirely solvent. After Judge Stephens' death, this dormant judgment was revived, and the *fi. fa.* which brought the money into court issued thereon. The services of Judge Stephens in the superior and supreme courts, rendered in the case, were proved to have been worth $200.00. The first judgment was a debt of record, and the attorney's lien for services rendered in obtaining that judgment attached thereto, and was not defeated because it lost its lien on the defendant's property by becoming dormant under the statute; it was still a judgment debt obtained by the services of the attorney.

2. It was urged on the argument, that the plaintiff had been injured by the neglect of the attorney in not enforcing the collection of the judgment before it became dormant. The only injury that we can perceive was the expense of reviving the judgment, but there is no evidence in the record what that was. The jury however, by their verdict, reduced the proven value of the attorney's services of $200.00, to $125.00, without any evidence that we can discover, but the plaintiff cannot complain of that. The plaintiff complains of the following charge of the court: "It is the duty of attorneys to follow up claims put in their hands for collection, and if any loss is sustained by their neglect they are responsible. Though Mr. Stephens might not have done so in this case, is no reason why his estate should not be paid for services up to the rendition of. the judgment." Why should his estate not be paid for his services in this case up to the rendition of the judgment though he might not have followed up the claim? There is no evidence in the record that the plaintiff sustained any. loss by his failure to do so—or what was the amount of that

loss—if any could have been inferred from having to re-vive the judgment which had been allowed to become dor-mant. There was no error in this charge of the court in view of the evidence in the· record, nor in overruling the plaintiff's motion for a new trial.

Let the judgment of the court below be affirmed.