BROWN *v.* FLODING.

No. 8155.   SEPTEMBER 17, 1931.
ADHERED TO ON REHEARING, OCTOBER 2, 1931.

*O. C. Hancock,* for plaintiff in error. *Spence & Spence,* contra.

BECK, P. J. ■ Under the pleadings and the evidence in this case, the court did not err in overruling the demurrer to the plaintiff's petition. While the contract as originally entered into might not have been enforceable, on the ground that it was without consideration and unilateral, the part performance of the contract and the services rendered in the business by the petitioner, as set forth and alleged in his petition, supplied the lack of mutuality and rendered the contract enforceable and a breach of it actionable. The defendant could not take advantage of the offer of the petitioner, as set forth in the pleadings of the latter, and receive the benefit of his services and then breach the contract, without rendering himself liable.

■ But we are of the opinion that the court erred in refusing to consider and give effect to the plea in bar filed in this case. Consideration being given to all the pleadings and the evidence, the plea in bar should have been sustained. The plaintiff had gone into the Federal court, the court having jurisdiction of the matter, and had set up his rights under the contract, and other matters which gave him an interest in the litigation, and his rights under the contract and under the facts pleaded had been adjudicated, and under that adjudication the assignee of all his rights in the

business received the benefits of a judgment in its favor. This judgment in favor of the plaintiff's assignee, which had been made a party by intervention, was one in favor of the plaintiff himself, and he is concluded by that judgment and estopped from further proceeding against the defendant.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

It is insisted that the contract made between Floding and Brown and two other persons, dated April 15, 1927, was not the contract the breach of which is made the basis of this suit, and that this court in rendering the decision in the case overlooked the fact that it was a prior contract, made in November, 1926, which the plaintiff was relying upon and in consequence of the breach of which plaintiff claims damages. It may have been the intention of counsel for plaintiff in the court below to sue upon that contract; but this court construed the petition, after carefully considering all the allegations in it, and was authorized to hold that plaintiff was suing upon the contract dated April 15, 1927. There are references in several of the paragraphs of the petition to certain agreements between Floding and Brown. In paragraph 3 we find the following: "Petitioner avers that he is entitled to receive and recover from the defendant Paul F. Brown the sum of $25,000, by way of cross-action in said suit now pending in the said municipal court, because of a breach of a contract *in writing* between the petitioner and the said Dr. Brown." In paragraph 8 it is alleged: "Later, on the 15th day of April, 1927, a contract in writing was entered into between petitioner and Dr. Brown, which provided for the division of the stock in the company, a copy of said writing being hereto attached as Exhibit A." These are the only references to a contract in writing, and are the only expressions in which the word contract is used up to this point in the petition, though there are other references to an agreement whch had been entered into. In one of the orders of Judge Sibley, of the United States court, we find the following: "This business was bought by Dr. Paul F. Brown from Lane Cotton Mills Company, Mr. Floding and his daughter having some connection with the purchase. They had agreements, or disagreements, touching it prior to the 15th day of April, 1927, when they made a written contract which put an end to both;" which shows that he construed the contract of April 15, 1927, as controlling the matter.

In paragraph 15 of the petition it is alleged: "Because of Dr. Brown's breach of his contract with petitioner to buy and pay for the assets of said business, and because of his failure to pay the said note, the same resulted in a loss and damage to petitioner, exceeding $25,000." We construe the word "contract" here as the contract finally embodied in the written contract dated April 15, 1927, because in that contract we find the following: "Whereas, on the 24th day of November, 1926, the Lane Cotton Mills Company, a corporation of New Orleans, Louisiana, sold to Paul F. Brown all the assets that the said Lane Cotton Mills Company acquired from Clarence Wayne, trustee in bankruptcy of W. E. Floding Inc., and whereas Paul F. Brown bought said assets from the Lane Cotton Mills Company by giving the Lane Cotton Mills Company his note for forty thousand dollars, due in four months from date; and whereas W. E. Floding and Miss Mary Floding were the active heads in the bankrupt business for many years, and are essential to the successful operation of said new business: Now therefore, in consideration of one dollar and other valuable consideration, the receipt whereof is hereby acknowledged, it is agreed between the parties as follows: That a new company shall be organized and incorporated with a capital stock of one hundred thousand dollars ($100,000), and that said new company shall take over all the assets that the said Paul F. Brown bought from the Lane Cotton Mills Company, subject to the contract which the said Brown had with the Lane Cotton Mills Company." While in this contract from which the foregoing quotation is taken there is not an undertaking to buy any assets from the Lane Cotton Mills, yet it does contain a recital as a part of this contract that Brown had bought the assets, etc., and also a further stipulation in writing that a new company shall be organized and incorporated, etc., and that said new company shall take over all the assets that Paul Brown bought from the Lane Cotton Mills. This contract also refers to the issuing of stock, which stock "shall be placed in escrow with Willis M. Everett, Senior, to be held by him until the said Brown's obligation with the said Lane Cotton Mills Company has been fully satisfied, and until the said Brown has been reimbursed for any money which he has individually paid on account of the said note due the Lane Cotton Mills Company. When the said Brown's note to the Lane Cotton Mills Com-

pany has been satisfied in full and when he has been reimbursed for any money paid on account of said note, then the said stock in escrow‧ shall be taken down and reissued as follows," etc. To crown it all, the contract, and the only contract in writing which is shown between Floding and Brown, is that of April 15, 1927; and besides, this contract is attached to the petition as an exhibit. The court therefore feels that it was right, under the allegations of this petition, in treating the written contract of April 15, 1927, and the alleged breach thereof as the basis of the suit in this case; and in view of that construction, which we think was proper, the decision rendered is adhered to. RUSSELL, C. J., dissents.