PITA *v.* WHITNEY.

No. 13417.   SEPTEMBER 25, 1940.

*Forester & Vann* and *A. B. Conger,* for plaintiff.

*Alexander & Jones* and *Theodore Titus,* for defendant.

DUCKWORTH, Justice. ■ The final exception is to the refusal to grant a new trial. The plaintiff established by proof such a case as entitled her to an injunction, under the authority of the

case of *Mackenzie* v. *Minis*, 132 *Ga.* 323 (63 S. E. 900, 23 L. R. A. (N. S.) 1003, 16 Ann. Cas. 723) ; and a new trial will not be granted unless, in considering the other assignments, it be determined that previous rulings on the pleadings contained such error as rendered nugatory the trial before the jury.

■ The cross-action is based entirely upon an alleged breach of contract. This contract is set out in subparagraph j of paragraph 16. It is contended that the contract is to run during the life of the employee Pita. This contention, however, has no support in the portions of the contract dealing with the question of its duration. On this point the contract states that the employment shall be for one year. A conditional portion of the contract provides that if expected savings are realized during this period, then it shall continue as long as the job is there. These provisions of the contract are wholly irreconcilable with the contention that it is to continue during the life of the employee. Another essential part of the contract, that fixing the amount of compensation, shows that no contract was agreed upon beyond a period of one year. The compensation is by the terms of the contract definitely fixed at $500 a month for one year; but the stipulation in the contract that at the end of this period a different compensation exceeding that for the first year shall be paid, but silent as to what this amount shall be, shows that the parties failed to agree upon any contract beyond a period of one year. The consent of the parties is an essential part of any contract, and every material term must be assented to. In a contract of employment the compensation to be paid is a material part, and until the parties have agreed upon a definite amount to be paid the contract is incomplete; and until each party has assented to the material parts of the contract either party has a right to withdraw therefrom. Code, § 20-108. Applying this principle of law to the facts as set up in the pleadings, the plaintiff still has the right to withdraw from that portion of the proposed contract wherein the amount of compensation remains unfixed. As supporting the conclusion here reached, see *Bentley* v. *Smith*, 3 *Ga. App.* 242 (59 S. E. 720) ; *Oliver Construction Co.* v. *Reeder*, 7 *Ga. App.* 276 (66 S. E. 955) ; Weegham *v.* Killefer, 215 Fed. 168 ; Boatright *v.* Steinite Radio Corporation, 46 Fed. (2d) 385 ; Savannah Guano Co. *v.* Fogle, 112 S. C. 234 (100 S. E. 59).

This leaves for our consideration only the contract providing for employment for a period of one year. The countersuit seeks to recover damages resulting from an alleged breach of the contract. Were we dealing with a life contract, the date when the contract became effective would be immaterial; but since it is only for one year, and since the cross-petition nowhere states how much of the contract remains unperformed, the effective date of the contract is essential. Unless the pleadings show in some way that the contract was breached and that it was to run for a definite period of time beyond such a breach, no legal judgment for damages can be awarded. For the reasons stated above, the original cross-action alleged no cause of action, and it was properly dismissed on demurrer.

■ But it is contended that had the two amendments offered by the defendant been allowed a good cause of action would have been stated, and that accordingly it was error to disallow these amendments. The first amendment alleges that the contract was for the period of defendant's life. As ruled in division 2, the original pleadings alleged that the contract was for only one year. In this respect the averments in the original and the amendment are contradictory and irreconcilable. The amendment alleges that the compensation to be paid after the first year was fixed at the definite sum of $6000 per annum, whereas the original plea stated that this compensation should be an increase above the $6000 paid for the first year, although no amount was fixed. Thus it is apparent that the two averments are in hopeless conflict; for certainly an increase above $6000 is irreconcilable with exactly $6000. No attempt was made to strike the conflicting allegations; and because of such conflict the amendment should not have been allowed. *Beecher* v. *Carter,* 189 *Ga.* 234 (2) (5 S. E. 2d, 648). The other portions of this amendment sought merely to define the duties of the employee, and to state a further consideration to support the contract of employment. It is apparent that none of these allegations would save the original cross-petition from the fatal defects contained therein, and that if these portions of the amendments had been allowed they would have fallen along with the original plea of which they would have become a part. There was no error in disallowing each of the proffered amendments.

*Judgment affirmed. All the Justices concur.*