## WEILL *et al v.* BROWN.

No. 14733. JANUARY 6, 1944. REHEARING DENIED FEBRUARY 11, 1944.

332

*Joe J. Fine, Albert E. Mayer,* and *John T. Dennis,* for plaintiffs in error.

*Dudley Cook, Hugh Burgess,* and *MacDougald, Troutman & Arkwright,* contra.

WYATT, Justice. (After stating the foregoing facts.) The court is called upon to decide in the first instance whether the purported contract is, as a matter of law, a valid and enforceable contract. Does the instrument meet the requirements of the law in reference to contract essentials so as to give to either of the parties thereto any enforceable rights thereunder? "A contract is an agreement between two or more parties for the doing or not doing of some specified thing." Code, § 20-101. "In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understand alike, there can be no assent, and therefore no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement." 17 C. J. S. 359, § 31. "Therefore, if the offer is in any case so indefinite as to make it impossible for a court to decide just what it means, and to fix exactly the legal liability of the parties, its acceptance can not result in an enforceable agreement. So, where a contract of employment does not specify its duration, the position to be filled, nor the wages, it is void for uncertainty." 17 C. J. S. 365, § 36.

"When there is a contract for the performance of services by one party, in consideration of the payment of money therefor by the other party, the nature and character of the services to be performed and the amount to be paid therefor must be of such character that it can be ascertained what services are to be performed, and what sum of money is to be paid therefore." *Mosteller* v. *Mashburn*, 64 *Ga. App.* 92, 96 (12 S. E. 2d, 142). "In a contract of employment the compensation to be paid is a material part, and until the parties have agreed upon a definite amount to be paid the contract is incomplete; and until each party has assented to the material parts of the contract either party has a right to withdraw therefrom." *Pita* v. *Whitney*, 190 *Ga.* 810, 814 (10 S. E. 2d, 851). How does the contract under consideration appear when measured by the well-settled rules of law set out above? The contract of employment is for "an indefinite period." The duties to be performed, the services to be rendered, the place of employment, and the amount of compensation, all of which are vital parts of the purported contract, are all uncertain and indefinite. As to these essentials the contract was without the assent of the parties. Such contracts because of indefiniteness are unenforceable. On this question generally, see *Oliver Construction Co.* v. *Reeder,* 7 *Ga. App.* 276 (66 S. E. 955); *Chappell* v. *F. A. D. Andrea Incorporated,* 41 *Ga. App.* 413 (153 S. E. 218); *Henderson* v. *Curtis,* 57 *Ga. App.* 892 (197 S. E. 65); *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (45 S. E. 730); *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (80 S. E. 559); *Bankers Trust & Audit Co.* v. *Farmers & Merchants Bank,* 163 *Ga.* 352 (136 S. E. 143); *Pepsi-Cola Co.* v. *Wright,* 187 *Ga.* 723 (2 S. E. 2d, 73).

We have examined the cases of *Brown* v. *Floding,* 173 *Ga.* 400 (160 S. E. 604), *Webb* v. *Pullman Co.,* 57 *Ga. App.* 776 (196 S. E. 477), and *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410), cited by the plaintiffs in error, and find nothing in them in conflict with the rulings here made. In those cases incomplete contracts were held to be binding on the theory that sufficiently definite offers and proposals had been made by one party and acted upon by the other party, so that the incomplete contract had been made complete by the act of performance. In the case now under consideration the offer or proposal is so indefinite as to make it impossible for courts to determine what, if anything, was agreed

upon, therefore rendering it impossible to determine whether there has been performance. Under the foregoing rulings, it is unnecessary to consider any of the other provisions of the contract, or to determine the validity thereof as to enforceability. There was no error in granting the injunction.

*Judgment affirmed. All the Justices concur, except Jenkins, P. J., absent on account of illness.*