34259.   GRAY *v.* PLUMMER.

Decided October 24, 1952—Rehearing denied December 12, 1952.

*Frank G. Wilson, Carl M. Story,* for plaintiff in error.
*Lewis & Sell,* contra.

FELTON, J. The plaintiff in error contends that no consideration for the contract was sufficiently shown because the evidence failed to show that the dismissal of the bastardy proceedings was considered in the alleged making of the contract. While we think that the plaintiff's testimony, "I dismissed the bastardy warrant on March 18, 1950, based upon John Gray's promise to pay me $6 per week for the support of the child," together with the other testimony and circumstances of the case, was sufficient evidence to authorize the jury to find that such was the consideration (see *Jones* v. *Peterson, Lott & Paulk,* 117 *Ga.* 58, 43 S. E. 417), the jury were also authorized to find from the evidence that the defendant admitted paternity of the child, and paternity is good consideration in a contract for a child's support. Code, § 74-202.

It is also contended that the plaintiff's testimony that the agreement was for the payment of $6 a week and Miss Yarborough's testimony that the agreement was for $12 a week, when the amended petition alleged a contract for the payment of $7 a week constituted such a material variance as would defeat recovery. We do not agree. The jury were authorized to believe the plaintiff, that the agreement was for $6 a week and disbelieve the other, and her testimony unobjected to had the effect of amending the petition to allege an agreement to pay

$6 a week. *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579); *City National Bank & Trust Co. of Miami* v. *Orr,* 39 *Ga. App.* 217, 218 (5) (146 S. E. 795). The conflict between the plaintiff's testimony and that of her witness, Miss Yarborough, did not preclude a finding for the plaintiff, as the jury could have accepted the plaintiff's testimony and rejected that of the other witness. See *Holton* v. *State,* 61 *Ga. App.* 654, 655 (3) (7 S. E. 2d, 202).

It is also contended that no valid contract was proved because it was not shown for what length of time it was to operate. The law places on the father of an illegitimate child the duty and responsibility to support the child until it reaches the age of fourteen (Code, §§ 74-202 and 74-303), and in this case, in the absence of any provision as to the contract duration, the law supplies the length of duration of the contract, as the jury was authorized to find that one consideration for the agreement was the dismissal of the warrant, and that the contract was in lieu of the bond required by law (Code, § 74-303) or criminal prosecution.

Contrary to the plaintiff in error's contention, the essential element of assent of the parties was shown by the evidence. The court did not err in overruling the motion for a new trial.

The judgment of the court is adhered to on rehearing.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*