51882, 51927. VENABLE v. BLOCK; and vice versa.

QUILLIAN, Judge.

Plaintiff requested defendant, a lawyer, to represent her in a lawsuit against a firm she alleged injured her in an incident occurring on or about October 16, 1969. Defendant visited her in the hospital and discussed the case with her. Thereafter he filed a damage suit in her behalf in the Superior Court of Fulton County. On September 13, 1972, this case was set down in the Fulton County Daily Report for trial on October 13, 1972. On October 13, 1972, the case was dismissed for want of prosecution, the defendant having failed to appear or to notify plaintiff of the call of the case.

Plaintiff filed this action in two counts. The first count sounded in tort and the second in contract. Both plaintiff and defendant moved for summary judgment as to both counts. After hearing, the judge ordered Count 1, sounding in tort, be dismissed and that plaintiff's motion for summary judgment was "granted as to liability based on Count 2 of the Complaint." Defendant appeals, alleging the court erred in granting summary judgment to plaintiff as to Count 2 and denying defendant's motion for summary judgment as to Count 2.

Plaintiff filed a cross appeal alleging that the court erred in "granting cross appellee's motion for summary judgment as to Count 1 of the complaint" and in denying plaintiff's motion for summary judgment as to Count 1. *Held:*

1. Defendant admitted in his answer that "he was engaged by the plaintiff to represent her as alleged . . . [and] he orally agreed to represent [her] upon a

contingency basis, . . . but the amount of percentage to be received by defendant was never finally agreed upon." However, in response to requests for admission by plaintiff, defendant "specifically denie[d] that he was retained by the plaintiff." In an affidavit, he stated that there was "never an agreement as to what, if any, contingency the defendant would have been entitled to." A party to a suit will not be allowed to disprove an admission made in his pleadings without withdrawing it from the record. *Grigsby v. Fleming,* 96 Ga. App. 664, 665 (1) (101 SE2d 217); *Florida Yellow Pine Co. v. Flint River Naval Stores Co.,* 140 Ga. 321 (78 SE 900). Defendant has not withdrawn his admissions and he is bound by them. Black's Law Dictionary defines "engage" as "to employ," and "retain" as "to engage the services of an attorney." We find no significant difference between "engage" and "retain," when the definitions are applied to the facts of this case.

2. Defendant contends the purported parol contract was "nudum pactum," because he was not paid a retainer and he and the plaintiff "never came to a meeting of the minds or agreement as to what if any contingency fee for such representation might be." Plaintiff stated that defendant agreed to represent her on a contingency basis for "1/3 of what he recovered but sometime after the suit had been filed, Mr. Venable told [her] . . . he was only going to take 1/4 of what he recovered." We find the oral exchange of promises to be sufficient consideration. Code § 20-304; *Giant Peanut &c. Co. v. Long Mfg. Co.,* 129 Ga. App. 685, 687 (201 SE2d 26). The fact that the promises were based on a contingency will not affect its validity as consideration. *Byrd v. Clark,* 170 Ga. 669 (153 SE 737); 17 CJS, Contracts § 99, p. 786. However, an alleged contract on which there is no firm agreement as to consideration is unenforceable. *Malone Const. Co. v. Westbrook,* 127 Ga. App. 709 (194 SE2d 619); *Charter Invest. &c. Co. v. Urban Medical Service Inc.,* 136 Ga. App. 297 (220 SE2d 784). Although this is the general law on this issue, we find this contract to be enforceable where consideration is admitted and there is disagreement only as to whether there was common agreement as to the specific amount of consideration in a parol contract.

An oral contract is legal and may be enforced by an action at law. Code § 20-106; *Norwood v. Robie,* 102 Ga. App. 206 (1) (115 SE2d 729). Where there is a conflict in the evidence as to what the specific terms of an oral contract are, including that of consideration, this is a question for the jury — all other essentials of a valid oral contract being present. *Loughman v. Shine,* 129 Ga. App. 600 (2) (200 SE2d 326); *Gray v. Plummer,* 87 Ga. App. 331, 333 (73 SE2d 569). We find all essentials of an oral contract to be present — with only the issue of whether there was agreement on the specific amount of consideration being in dispute. That is a proper issue for the jury.

Further, even if the contract might not have been enforceable, on the ground that it was without consideration and mutuality, partial performance of the contract — the services rendered by defendant, supplied the lack of mutuality and rendered the contract enforceable. *Brown v. Floding,* 173 Ga. 400 (160 SE 604); *Stevenson v. Atlanta &c. Corp.,* 72 Ga. App. 258, 262 (33 SE2d 568), cert. den.; *Barnes v. Didschuneit,* 94 Ga. App. 661, 664 (96 SE2d 216), cert. den.; 17 CJS, Contracts, § 100 (3), p. 799. We have no doubt that if defendant had been successful in his action on behalf of plaintiff he would have had no difficulty in enforcing the contract. *Jenkins v. Stephens,* 60 Ga. 216; *Simms v. Floyd,* 65 Ga. 719 (2); *Robinson v. Guerry,* 40 Ga. App. 26 (2) (148 SE 745). A contract must have mutuality of agreement and obligation. 17 CJS, Contracts, § 1 (2), p. 545; 17 AmJur2d, Contracts, §§ 10-11, pp. 345-346. Mutuality of remedy is also a general requisite for formation of a valid contract. See *Pepsi-Cola Co. v. Wright,* 187 Ga. 723, 727 (1) (2 SE2d 73); 17 AmJur2d, Contracts, § 13, p. 351. If defendant could have enforced the contract, mutuality of remedy requires that plaintiff have the ability to enforce the contract.

3. Judgment was entered in the instant case on October 27, 1975. Notice of appeal was filed with the clerk on November 24, 1975, and counsel's certificate of service on opposing counsel is dated the same day. Plaintiff filed his cross appeal on January 2, 1976. Counsel for plaintiff filed an affidavit with his cross appeal stating he did not

receive a copy of the notice of appeal from defendant's counsel and had no knowledge of this appeal until receipt of the Docketing Notice from this court on December 29, 1975. Counsel for defendant has filed a "counter-affidavit" reciting that his notice of appeal was "true and correct."

Section 5 of the Appellate Practice Act, Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21), provides that a cross appeal must be filed "within 15 days from service of the notice of appeal by appellant." Plaintiff's cross appeal was not filed within the requisite 15 days from the date contained in defendant's notice.

Although we have no motion to dismiss by defendant, in every matter coming to this court we are required to examine the record to make certain we possess jurisdiction. *Stephenson v. Futch,* 213 Ga. 247, 248 (98 SE2d 374); *Lowe v. Payne,* 130 Ga. App. 337 (203 SE2d 309). This court has no jurisdiction to hear contradictory evidence impeaching the verity of a record from the trial court. "In the absence of any statutory provision, this court has no authority to try a traverse to a return of service . . . or to refer to the trial court the issue of fact as to the truth or falsity of such return." *Ga., F. & A. R. Co. v. Lasseter,* 122 Ga. 679 (1) (51 SE 15); *Teppenpaw v. Blalock,* 121 Ga. App. 320 (1) (173 SE2d 442). Rule 19 (d) of our court, codified in Code Ann. § 24-3619 (d) requires that "whenever it appears to the court that it has no jurisdiction of a pending appeal, it will be dismissed . . . whenever and however its lack of jurisdiction may appear." The cross appeal must be dismissed. *Lowe v. Payne,* 130 Ga. App. 337, supra.

4. As the cross appeal has been dismissed the only issue before this court is addressed to Count 2. We note that this count was couched ex contractu although based on the alleged negligence of the defendant attorney in failing to appear in court when plaintiff's case was called. The negligence arose from an alleged breach of duty arising from the contract. Without doubt it is fundamental in the legal profession that it is the duty of counsel who have cases pending in court to keep themselves informed as to the progress of that case so that they may take whatever action may be necessary to

protect the interests of their client. *Bragg v. Bragg,* 225 Ga. 494, 496 (170 SE2d 29). Failure to appear through inadvertance has been held to be tantamount to negligence. See 7 AmJur2d, Atty's at Law, § 167, p. 146, et seq.; 7 CJS, Atty. & Client, § 140, p. 977. However, our Supreme Court held in *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294) that "[t]he conduct of a defendant cannot be declared to be negligent, as a matter of law, unless it has been so declared by a lawmaking body, and, in the absence of such a declaration the jury is the arbiter of the question of whether a defendant's conduct on a given occasion is negligent, and, if so, whether such negligence is the degree of negligence required for a recovery by a plaintiff." See in this connection Annot. 45 ALR2d 28.

As the question of negligence was one for the jury, the grant of summary judgment for plaintiff on Count 2 was error.

*Appeal dismissed as to Case No. 51927. Judgment reversed as to Case No. 51882. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 2, 1976 — DECIDED MARCH 19, 1976.

*L. C. Chrietzberg,* for appellant.
*Russell L. Adkins, Jr.,* for appellee.