Helena H. HODGDON, Administratrix of the Estate of Genevieve H. James

v.

Stephen H. FULLER, Jr.

v.

Lona M. HEWITT.

ROYAL INDEMNITY CO.

v.

Helena H. HODGDON, Administratrix of the Estate of Genevieve H. James.

Supreme Judicial Court of Maine.

March 8, 1979.

---

Nadeau Professional Offices by Gary H. Reiner, James P. Nadeau, Portsmouth, N. H., for plaintiff.

Hunt, Thompson & Bowie by M. Roberts Hunt, Portland, for Stephen H. Fuller, Jr.

George S. Hutchins, Jr., York, for Lona M. Hewitt.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

In our opinion dated October 20, 1978, *Hodgdon v. Fuller*, Me., 392 A.2d 61 (1978), we sustained appellant Hodgdon's appeal from the dismissal with prejudice of four related complaints and the denial of Hodgdon's motion for Rule 60(b)(1) and (6), M.R. Civ.P., relief. Our mandate read as follows:

*Cross-appeal dismissed.*

*Appeal sustained.*

*Judgment vacated. Case remanded to the Superior Court for trial on the issues presented in the negligence actions, provided, however, that appellant first returns to the Court those funds previously distributed to her under the withdrawal order of August 18, 1975.*

Upon Hodgdon's request, and in light of our mandate, the Clerk of the Law Court issued a certificate of costs to Hodgdon. Fuller thereupon filed with the Court an Objection to the Certification of Costs. Hodgdon seasonably answered by filing a Motion for Clarification and an Answer to Objection to Certify Costs. We shall initially address Hodgdon's motion for clarification and then proceed to the issue of costs.

In her motion, Hodgdon asks us to resolve an alleged ambiguity in our initial opinion concerning her ability, in light of footnote 7 of that opinion,[1] to proceed further against Lona Hewitt, a party defendant, in the negligence action. Hodgdon also asks us to

---

1. 392 A.2d at 66, which reads, "*Because Mrs. Hewitt has never appealed and R. I. C. failed to prosecute its cross-appeal, Mrs. Hewitt can no longer be considered party to the proceeding.*"

relieve her of the obligation of returning the funds previously distributed and, instead, only require that a bond be posted with the Superior Court.

Although Hodgdon denominates her motion as one for clarification, we have, in similar circumstances, viewed such a motion as one made for rehearing for the purpose of recalling and amending the mandate. *See Rand v. B. G. Pride Realty,* Me., 360 A.2d 519 (1976); *Ginn v. Penobscot Co.,* Me., 342 A.2d 270 (1975). We find no reason for not addressing this motion in that posture, and therefore, turn to the question of whether we have jurisdiction to entertain it. In *Ginn v. Penobscot Co., supra,* we delineated those situations in which a mandate could be recalled:

> *Indeed, an appellate court does not lose jurisdiction of the case and may recall its mandate for the purpose of correction, where there has been some irregularity or error in its issuance, as where it was issued contrary to the rules of court, or where, by reason of clerical mistake, it does not correctly express the judgment of the court* . . . 342 A.2d at 275.

Since our mandate in *Hodgdon v. Fuller, supra,* does not fall within any of the above enumerated categories, we hold that we are without jurisdiction to entertain the motion, and therefore, dismiss it.

A somewhat different situation is presented by Hodgdon's request for, and receipt of, a certificate of costs. Her request was apparently premised on 14 M.R.S.A. § 1501, which states that, unless otherwise provided, the prevailing party is entitled to costs, both in the trial court and in the appellate court.[2] Fuller, however, maintains that because the mandate states that the Superior Court's judgment is to be vacated, and makes no mention of costs, Rule 76(a), M.R.Civ.P., requires that neither party be allowed costs.[3]

This precise issue was addressed by this Court in *Ginn v. Penobscot Co., supra.* In the underlying opinion the Court's mandate called for an affirmance in part, thereby falling squarely within the four corners of Rule 76(a). 342 A.2d at 276. No direction was given as to costs. In that situation, we held that the mandate must be interpreted as holding that *"No costs were allowed to either party."* *Id.* We now hold that the instant case falls within the rule set forth in *Ginn* and thus read our mandate in *Hodgdon v. Fuller, supra,* as denying costs at the appellate level to both parties.

The entry will be:

Appellant Hodgdon's motion for clarification is hereby dismissed.

Appellee Fuller's objection to the certification of costs is hereby granted and the certificate of costs issued by the Clerk of this Court in connection with the case of *Hodgdon v. Fuller,* Me., 392 A.2d 61 (1978), is hereby recalled and vacated.

Costs on their respective motions shall be borne by the respective parties.

This Court's mandate issued in *Hodgdon v. Fuller, supra,* is hereby modified for purposes of formality only, solely to the extent as follows:

No costs on appeal are allowed to either party.

DELAHANTY, J., did not sit.

---

2. Because the certificate of costs was issued "*contrary to the rules of court,*" we find we have jurisdiction to recall our mandate in *Hodgdon v. Fuller, supra,* and correct the error.

3. Rule 76(a), M.R.Civ.P., states in part, "*when a judgment is affirmed or reversed in part, or vacated, costs shall be allowed only as ordered by the Law Court.*" (emphasis added)