**Marcia TYSON et al.**

v.

**WHITAKER & SON, INC.**

Supreme Judicial Court of Maine.

Feb. 20, 1980.

Kelly, Remmel & Zimmerman,. Graydon G. Stevens, Portland, for plaintiffs.

Hewes, Culley, Feehan & Beals, Martica F. Sawin, Peter W. Culley, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

McKUSICK, Chief Justice.

*On motion for reconsideration*

In our opinion dated October 19, 1979, *Tyson v. Whitaker & Son, Inc.*, Me., 407 A.2d 1 (1979), we sustained plaintiff's appeal from an order of the Superior Court dismissing this action for lack of personal jurisdiction over defendant. Our mandate vacated the judgment of dismissal and remanded to the Superior Court to receive further evidence on the issue of "fair play and substantial justice." *Id.* at 9.

On February 6, 1980, defendant filed with this court a "Petition for Reconsideration," apparently intended as a motion under M.R. Civ.P. 75B(a). The motion, unsupported by brief or affidavit, states that it

is based on the fact that the United States Supreme Court has recently addressed the identical issue of federal constitutional law which governs the Defendant-Appellee's rights in the above matter, and has resolved the issue in favor of the Defendant-Appellee's position. See *World-Wide Volkswagen Corporation et al. v. Charles S. Woodson,* — U.S. ——, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Thus, the defendant-appellee, on the basis of a Supreme Court decision announced over three months after our mandate issued in the *Tyson* case, asks us to reverse our decision and mandate. This we have no jurisdiction to do. We must deny the motion for reconsideration.

The general rule regarding this court's jurisdiction once its mandate has been issued to the trial court was stated in *Ginn v. Penobscot Co.,* Me., 342 A.2d 270, 274 (1975):

Absent a statutory or rule provision to the contrary, the general rule is that, after an appellate court has determined the issues involved in the case submitted to it and caused its judgment in conformity with such determination to be entered and the case, together with the rescript of decision, to be remanded to the lower court, the appellate court thereafter has no power to reconsider, alter, or modify its decision. An appellate court, generally speaking, is without power to recall a mandate regularly issued for the purpose of correcting judicial error.

In *Ginn,* certain very limited exceptions to the general rule barring recall of a mandate were delineated:

We believe that the general rule . . stands modified . . . to the extent of permitting the Law Court to protect the integrity of its own processes and allowing it to implement the generally recognized exceptions to the general rule. Indeed, an appellate court does not lose

jurisdiction of the case and may recall its mandate for the purpose of correction, where there has been some irregularity or error in its issuance, as where it was issued contrary to the rules of the court, or where, by reason of a clerical mistake, it does not correctly express the judgment of the court (*Kasal v. Kasal,* 1949, 228 Minn. 570, 37 N.W.2d 711); as where the judgment transmitted by the appellate court, because of inadvertent error, mistake, fraud, or lack of jurisdiction, was not in fact the judgment of the court (*Kosten v. Fleming,* 1943, 17 Wash.2d 500, 136 P.2d 449).

*Id.* at 275. *See Hodgdon v. Fuller,* Me., 398 A.2d 798, 800 (1979); *Rand v. B. G. Pride Realty,* Me., 360 A.2d 519, 521–22 (1976).

In addition, this court has at times found it appropriate to clarify its previously issued opinion without making any change in its mandate. *See Maine Central RR. Co. v. Halperin,* Me., 381 A.2d 8 (1977); *Hann v. Merrill,* Me., 305 A.2d 545, 551 (1973). Those instances of opinion clarification,[1] however, do not alter the fact that the Law Court does not have jurisdiction to recall and alter a mandate except in extraordinary circumstances of error in connection with its issuance. *See Ginn v. Penobscot Co., supra* at 275.

In its "Petition for Reconsideration" defendant is asking this court to recall the mandate issued to the Superior Court on October 19, 1979, and to change that mandate so as to deny plaintiff's appeal, rather than to sustain it. Under the clear rule of *Ginn* this court no longer has jurisdiction to make such a substantive change in its *Tyson* mandate.

This case is long since back in the Superior Court on remand. In that court's reconsideration of defendant's motion to dismiss, it may entertain argument of counsel on the effect of the United States Supreme Court's opinion in *World-Wide Volkswagen*

---

1. In *Inhabitants of Town of Sabattus v. Bilodeau,* Me., 395 A.2d 123 (1978), the Law Court merely gave directions to its clerk on how he should handle his responsibility of certifying costs where both the plaintiff and the defendant were "prevailing parties" within the meaning of M.R.Civ.P. 76(a), the plaintiff prevailing on the cross-appeal and the defendant on the appeal. That post-mandate opinion did not involve any change in the mandate.

*Corp. v. Woodson,* —— U.S. ——, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), against the background of the evidentiary facts developed pursuant to the direction of our mandate. This court can again review the case only on a second appeal from the Superior Court's judgment after remand or on report if the Superior Court finds a report appropriate under Rule 72, M.R.Civ.P. *See Giles v. Maine Fid. Life Ins. Co.,* Me., 402 A.2d 473 (1979).

The entry is:

Motion for reconsideration dismissed.

POMEROY, J., participated in the decision in this case but retired prior to the filing of the motion for reconsideration.