Sarah J. IRELAND, formerly Sarah
J. Galen

v.

Maurice J. GALEN.

Supreme Judicial Court of Maine.

March 5, 1980.

Curtis & Griffin, Michael H. Griffin, Orono, for plaintiff.

Oscar Walker, Bangor, for defendant.

Before McKUSICK, C. J., WERNICK and GODFREY, JJ., and ARCHIBALD and DELAHANTY, A. R. JJ.

PER CURIAM.

On motions to intervene and for rehearing.

In *Ireland v. Galen*, Me., 401 A.2d 1002 (1979), decided May 25, 1979, we affirmed a judgment of the Superior Court denying defendant's appeal from an order and judgment of the District Court, District 3, Division of Southern Penobscot. The District Court had imposed sanctions on defendant pursuant to Rule 37, M.R.Civ.P., for his failure to respond to a legally effective request for production of documents made by the plaintiff pursuant to Rule 34, M.R. Civ.P.

Applying one of the sanctions provided by Rule 37(b)(2), the District Court had ruled that plaintiff's allegation that defendant was in arrears in child-support payments was to be taken as established and that defendant was not to be allowed to oppose the claim. The District Court had then ordered judgment for arrearages. We held that, in the circumstances, the District Court had not abused its discretion. By our mandate, we denied the appeal and affirmed the judgment of the Superior Court affirming the judgment of the District Court.

On February 14, 1980, defendant's attorney filed with this Court what purports to be a "motion for leave to intervene" (apparently in his individual capacity, not in his capacity as attorney for the defendant-appellant in the earlier, unsuccessful appeal), which motion is coupled with an application for rehearing (apparently in his capacity as attorney for the defendant-appellant). The attorney seeks to base his motion for intervention on Rule 24, M.R.Civ.P. Apparently the motion for rehearing is intended as a motion under Rule 75B(a).

With respect to our mandate in *Ireland v. Galen*, the allegations set forth in the application for rehearing do not recite facts that, if proved, would bring this matter within any of the limited exceptions to the general rule stated in *Ginn v. Penobscot Co.*, Me., 342 A.2d 270, 274 (1975), as follows:

Absent a statutory or rule provision to the contrary, the general rule is that, after an appellate court has determined the issues involved in the case submitted to it and caused its judgment in conformity with such determination to be entered and the case, together with the rescript of decision, to be remanded to the lower court, the appellate court thereafter has no power to reconsider, alter, or modify its decision. An appellate court, generally speaking, is without power to recall a mandate regularly issued for the purpose of correcting judicial error.

In *Ginn*, certain very limited exceptions to the general rule barring recall of a mandate were delineated:

We believe that the general rule . . . stands modified . . . to the extent of permitting the Law Court to protect the integrity of its own processes and allowing it to implement the generally recognized exceptions to the general rule. Indeed, an appellate court does not lose jurisdiction of the case and may recall its mandate for the purpose of correction, where there has been some irregularity of error in its issuance, as where it was issued contrary to the rules of the court, or where, by reason of a clerical mistake, it does not correctly express the judgment of the court (*Kasal v. Kasal*, 1949, 228 Minn. 570, 37 N.W.2d 711); as where the judgment transmitted by the appel-

late court, because of inadvertent error, mistake, fraud, or lack of jurisdiction, was not in fact the judgment of the court (*Kosten v. Fleming*, 1943, 17 Wash.2d 500, 136 P.2d 449). *Ginn v. Penobscot Co.*, *supra* at 275.

This case does not fall within any of the exceptions. We have no jurisdiction, therefore, to alter our mandate. *Tyson v. Whitaker & Son, Inc.*, Me., 411 A.2d 389 (1980).

There is no occasion for any "clarification" of this Court's opinion in support of the mandate. The opinion states clearly the Court's reasons for deciding that the District Court had not abused its discretion and that its judgment should be upheld.

The application for rehearing is therefore dismissed. *Tyson v. Whitaker & Son, Inc.*, *supra*.

■ Since *Ireland v. Galen* is no longer before this Court, the petitioner's motion to intervene in that litigation must also be dismissed. It is unnecessary to determine whether petitioner would have had any standing to intervene if the Law Court still had jurisdiction over the controversy.

The entry is:

Motion for rehearing dismissed.

Motion to intervene dismissed.

ARCHIBALD and DELAHANTY, JJ., participated in the decision in this case but retired prior to the filing of the motions to intervene and for rehearing. They have joined the opinion as Active Retired Justices.