### In re Petition of Peter B. THOMAS.

Supreme Judicial Court of Maine.

April 23, 1982.

Peter B. Thomas, pro se.

Wayne S. Moss, Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C. J., GODFREY and CARTER, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

*On motion for relief from judgment under Rule 60*

In our opinion dated September 4, 1981, *Petition of Thomas*, Me., 434 A.2d 503 (1981), we affirmed the Superior Court's judgment denying Thomas permission to appear personally before the grand jury for the purpose of offering evidence of alleged criminal conduct on the part of certain officials of the City of Portland.

On September 18, 1981, Thomas timely filed *pro se* a motion for rehearing under Rule 76A(b), M.R.Civ.P., which motion was denied by order of the Law Court dated September 23, 1981.

On February 8, 1982, Thomas filed *pro se* with the Law Court the instant motion "for relief from judgment under rule 60," specifically praying that

> "this Court grant relief from its prior Judgement (sic) appropriate to the law, and in the form of a Judgement (sic) in accordance with the law."

From the allegations of the motion and voluminous memoranda annexed thereto, it is clear that Thomas seeks a review of our previous decision, to the end that our decision and mandate therein be reversed. Too late to seek relief through a motion for reconsideration pursuant to Rule 76A(b), which provides that such a motion *must* be filed with the Clerk of the Law Court within 14 days after the date of the Law Court decision, Thomas seeks to accomplish the same result through use of Rule 60. He justifies his resort to Rule 60 on the alleged ground that his counsel on appeal was guilty of collusive conduct, conflict of interest, breach of trust, which resulted, so he seems to assert, in presenting his appeal inadequately and ineffectively and constitutes newly discovered evidence.

But Rule 60(b) was formulated to provide relief from final judgment at the trial court level and not in the Law Court, with Law Court review of trial court action thereon on appeal therefrom on the ground of abuse of discretion. *See Willette v. Umhoeffer*, Me., 245 A.2d 540, 542 (1968). *See also Commentary* under Rule 60, § 60.1, Field, McKusick and Wroth, at 71. In *Tyson v. Whitaker & Son, Inc.*, Me., 411 A.2d 389, 390 (1980), we quoted from *Ginn v. Penobscot Co.*, Me., 342 A.2d 270, 274 (1975):

> Absent a statutory or rule provision to the contrary, the general rule is that, after an appellate court has determined the issues involved in the case submitted

to it and caused its judgment in conformity with such determination to be entered and the case, together with the rescript of decision, to be remanded to the lower court, the appellate court thereafter has no power to reconsider, alter, or modify its decision. An appellate court, generally speaking, is without power to recall a mandate regularly issued for the purpose of correcting judicial error.

We also reasserted certain very limited exceptions to the general rule delineated in *Ginn*, which we need not repeat herein. Suffice it to say that Thomas does not bring himself within any of the stated exceptions.

 The contents of the petitioner's motion clearly show that what Thomas denominates a motion for relief from judgment under Rule 60 is nothing more than a motion for reconsideration of our previous opinion in the case, after having failed in one such prior attempt, for the purpose of recalling our mandate and reversing our decision therein. This, we have no jurisdiction to do under the facts of this case. *See Hodgdon v. Fuller*, Me., 398 A.2d 798, 800 (1979).

Furthermore, the instant motion filed much later than within 14 days after the date of the Law Court decision as provided by Rule 76A(b)[1] was not timely, and, for that reason also, must be dismissed. Our rules of procedure, properly established and not repugnant to law, whether at the appellate or trial level, have the force of law. *Collett v. Bither*, Me., 262 A.2d 353, 356 (1970); 4 M.R.S.A. § 9. *See also State v. Wells*, Me., 443 A.2d 60 at 63 (1982).

The entry is:

The motion filed by Peter B. Thomas on February 8, 1982 for relief from judgment dismissed.

All concurring.

1. Rule 76A(b) was amended effective March 15, 1982 in area not pertinent herein.

1. Consistently with *Hall v. State*, Me., 441 A.2d 1019 (1982), we modify the case caption to